**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RENEE ESTESE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>DIRECT FUNDING NOW, LLC and DOES 1-20,<br><br>    Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMANDED** |

      Now comes the Plaintiff, RENEE ESTESE ("Plaintiff"), by and through her attorneys, and for her Class Action Complaint against the Defendants, DIRECT FUNDING NOW, LLC ("Direct Funding") and DOES 1-20 (collectively referred to below as "Defendants"), Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENTS**

      1.      This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, resulting from the illegal actions of Defendants, in negligently, knowingly and/or willfully placing through its agent(s), automated sales, solicitation and/or other telemarketing calls to Plaintiff's cellular telephone, in violation of the TCPA and its related regulations, specifically the National Do-Not-Call Registry and internal do-no-call provisions of 47 C.F.R. 64.1200(c) and (d), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how entities such as Defendants may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on the TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13.

5. Persons, like Plaintiff herein, have no control to stop unsolicited and unwanted telemarketing calls.

6. Plaintiff and the members of the proposed Classes defined below received unsolicited automated telemarketing calls to their cellular telephones, all because Defendants

wished to advertise and market Direct Funding's products and/or services for Direct Funding's own benefit.

7. According to the Federal Communications Commission's website, accessed on May 21, 2020 at https://www.fcc.gov/consumers/guides/stop-unwanted-robocalls-and-texts:

> The national Do Not Call list protects landline and wireless phone numbers. You can register your numbers on the national Do Not Call list at no cost… Telemarketers must remove your numbers from their call lists and stop calling you within 31 days from the date you register. Your numbers will remain on the list until you remove them or discontinue service – there is no need to re-register numbers.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this civil action arises under a law of the United States, the TCPA.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District. Further, Defendants are subject to this Court's has personal jurisdiction because they caused the telephone calls at issue in this case to be placed to Plaintiff, who lives within the Northern District of Illinois, at a telephone number bearing an Illinois area cod.

## PARTIES

10. Plaintiff is an individual who was at all relevant times residing in Oak Park, Illinois.

11. Plaintiff is a "person" as defined by 47 U.S.C. § 153 (39).

12. On information and belief, Defendant DIRECT FUNDING NOW, LLC ("Direct Funding") is a corporation of the State of California, whose principal place of business is located in Irvine, California.

13. On information and belief, at all times relevant hereto, Direct Funding was engaged in the marketing and solicitation of financial and/or loan services.

14. Direct Funding is a "person" as defined by 47 U.S.C. § 153(39).

15. The true names and capacities of the Defendants sued herein as DOES 1-20 are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a Doe is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the Doe Defendants when such identities become known.

16. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTS COMMON TO ALL COUNTS

17. On or about June 6, 2009, Plaintiff successfully registered her telephone number ending in -1042 with the National Do-Not-Call Registry.

18. During or about November 2019, Defendants began placing unsolicited automated telemarketing calls to Plaintiff's cellular telephone.

19. Plaintiff has not previously sought out Direct Funding's services, nor has Plaintiff attempted to retrieve information from Direct Funding about its services. Therefore, Plaintiff did not have an "established business relationship" with Defendants, as set forth in 16 C.F.R. § 310.4(b)(iii)(B).

20. When Plaintiff would answer Defendants' calls, she experienced a long pause, lasting approximately three to four seconds, before she heard a noise on the line followed by a

representative of Direct Funding who would begin speaking, which is indicative of an automated telephone dialing system.

21. During one of the initial calls Plaintiff received from Defendants, when Plaintiff answered the call, she spoke to an employee, agent, and/or representative of Direct Funding. Plaintiff requested that Defendants cease calling her and that she be placed on Defendants' internal do-not-call list.

22. Despite Plaintiff's unequivocal requests that Defendants cease calling her and that she be placed on Defendants' internal do-not-call list, Plaintiff continued receiving unauthorized, automated telemarketing calls from Defendants.

23. To date, Plaintiff has received at least nine (9) unauthorized, automated telemarketing calls from Defendants.

24. On or about December 3, 13, and 17, 2019, Plaintiff also received text messages from a representative of Direct Funding.

25. As a result of Defendants' acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

    a. Invasion of privacy;

    b. Intrusion upon and occupation of the capacity of Plaintiff's cellular telephone;

    c. Wasting Plaintiff's time;

    d. Risk of personal injury due to interruption and distraction when receiving unwanted telephone calls from Defendants;

    e. Depletion of Plaintiff's cellular telephone batteries;

  f.  The cost of electricity to recharge Plaintiff's cellular telephone batteries; and

  g.  Stress, aggravation, emotional distress, and mental anguish.

## **CLASS ALLEGATIONS**

26. Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of a proposed class (the "ATDS Class"), defined as follows:

> All persons within the United States who received telephone calls and/or text messages from Defendants using an automatic telephone dialing system or an artificial or prerecorded voice, who had not granted Defendants prior express consent to place such calls to them and/or who had revoked any such consent, within four years prior to the filing of this Complaint through the date of class certification.

27. Plaintiff also brings this action on behalf of herself and all others similarly situated, as a member of another proposed class (the "National Do-Not-Call Class"), defined as follows:

> All residential telephone subscribers within the United States whose telephone numbers were registered on the National Do-Not-Call Registry for at least 31 days, who had not granted Defendants prior express consent nor had a prior established business relationship with Defendants, or who had revoked such consent and prior established business relationship, who received more than one call and/or text message made by or on behalf of Defendants that promoted Defendants' products or services within any 12-month period, within four years prior to the filing of this Complaint through the date of class certification.

28. Plaintiff also brings this action on behalf of herself and all others similarly situated, as a member of another proposed class (the "Internal Do-Not-Call Class"), defined as follows:

> All residential telephone subscribers within the United States who requested that Defendants not place calls to them for telemarketing purposes, who received at least one such call and/or text message made by or on behalf of Defendants that promoted Defendants' products or services, more than 30 days after the date such request was made, within four years prior to the filing of this Complaint through the date of class certification.

29. Defendants, their employees and agents are excluded from the ATDS Class, the National Do-Not-Call Class, and the Internal Do-Not-Call Class. Plaintiff does not know the number of members in the ATDS Class, the National Do-Not-Call Class, and the Internal Do-Not-Call Class, but believes the members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

30. The ATDS Class, the National Do-Not-Call Class, and the Internal Do-Not-Call Class are so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of their members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the ATDS Class, the National Do-Not-Call Class, and the Internal Do-Not-Call Class include hundreds, if not thousands of members. Plaintiff alleges that the class members may be ascertained by the records maintained by Defendants.

31. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the ATDS Class, the National Do-Not-Call Class, and the Internal Do-Not-Call Class are so numerous that joinder of their members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and the Court.

32. There are questions of law and fact common to the ATDS Class affecting the parties to be represented. The questions of law and fact common to the ATDS Class predominate over questions which may affect individual ATDS Class members and include, but are not necessarily limited to, the following:

    a. Whether the ATDS Class members' telephone numbers were called by Defendants using an automatic telephone dialing system or an artificial or prerecorded voice;

      b.      Whether Defendants obtained prior express consent to place any such calls; and

      c.      Whether Defendants violated the TCPA, 47 U.S.C. § 227, *et seq.*, and the amount of damages to be awarded for any such violations.

33. As a resident of the United States whose cellular telephone number was called by Defendants on multiple occasions using an automatic telephone dialing system and an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the ATDS Class.

34. There are questions of law and fact common to the National Do-Not-Call Class affecting the parties to be represented. The questions of law and fact common to the National Do-Not-Call Class predominate over questions which may affect individual members and include, but are not limited to, the following:

      a.      Whether the National Do-Not-Call Class members' telephone numbers were called by Defendants after such numbers had been registered on the National Do-Not-Call Class registry; and

      b.      Whether Defendant violated the TCPA, 47 U.S.C. § 227, *et seq.*, and the amount of damages to be awarded for any such violations.

35. As a residential telephone subscriber who received telephone calls, made by or on behalf of Defendants, without her consent, after her telephone number was registered on the National Do-Not-Call Registry for at least 30 days, within four years prior to the filing of this Complaint, Plaintiff is asserting claims that are typical of the National Do-Not-Call Class.

36. There are questions of law and fact common to the Internal Do-Not-Call Class affecting the parties to be represented. The questions of law and fact common to the Internal Do-

Not-Call Class predominate over questions which may affect individual members and include, but are not limited to, the following:

    a.    Whether the Internal Do-Not-Call Class members' telephone numbers were called by Defendants after such class members had requested that Defendants cease placing calls to them; and

    b.    Whether Defendant violated the TCPA, 47 U.S.C. § 227, *et seq.*, and the amount of damages to be awarded for any such violations.

37.    As a residential telephone subscribers within the United States who requested that Defendants not place calls to her for telemarketing purposes, who received at least one such call made by or on behalf of Defendants that promoted Defendants' products or services, more than 30 days after the date such request was made, within four years prior to the filing of this Complaint, Plaintiff is asserting claims that are typical of the Internal Do-Not-Call Class.

38.    Plaintiff has no interests adverse or antagonistic to the interests of the other members of the ATDS Class, the National Do-Not-Call Class, and the Internal Do-Not-Call Class.

39.    Plaintiff will fairly and adequately protect the interests of the members of the ATDS Class, the National Do-Not-Call Class, and the Internal Do-Not-Call Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

40.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all of the Classes' members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all

parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each class member. Class treatment will also permit the adjudication of relatively small claims by many class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

41. The prosecution of separate actions by individual members of the ATDS Class, the National Do-Not-Call Class, and the Internal Do-Not-Call Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party class members to protect their interests.

42. Defendants have acted or refused to act in respect generally applicable to the ATDS Class, the National Do-Not-Call Class, and the Internal Do-Not-Call Class, thereby making appropriate final and injunctive relief with regard to the members of the ATDS Class, the National Do-Not-Call Class, and the Internal Do-Not-Call Class as a whole.

43. Defendants failed to comply with the requirements of the TCPA and its regulations, including but not limited to 47 U.S.C. § 227(b) and (c), and 47 C.F.R. § 64.1200(c) and (d), as to the ATDS Class, the National Do-Not-Call Class, and the Internal Do-Not-Call Class members, with respect to the above-alleged transactions.

44. 47 U.S.C. § 227(b)(1)(A)(iii), provides that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the

called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States…

45. 47 C.F.R. § 64.1200(c)(2) provides that:

[n]o person or entity shall initiate any telephone solicitation to…[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

46. 47 C.F.R. § 64.1200(d) provides that:

No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

…

(3) *Recording, disclosure of do-not-call requests.* If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request.

47. In multiple instances, Defendants placed calls to the ATDS Class members using an automatic telephone dialing system, without the members' prior express consent, in violation of the TCPA, 47 U.S.C. § 227, *et seq.*

48. In multiple instances, Defendants placed calls to the National Do-Not-Call Class members without the members' consent, and after the members registered with the federal government's Do-Not-Call registry, in violation of the TCPA, 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. 64.1200(c).

49. In addition, on information and belief, Defendants have not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of Defendants, in violation of the TCPA, 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. 64.1200(d).

50. The size and definition of the ATDS Class, the National Do-Not-Call Class, and the Internal Do-Not-Call Class can be identified through Defendants' records and/or Defendants' agents' records.

## COUNT I
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b)(3)
## AS TO THE ATDS CLASS

51. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 50 above as if reiterated herein.

52. The foregoing acts and omissions of Defendants constitutes numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq*.

53. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

54. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b)(3)
## AS TO THE ATDS CLASS

55. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 50 above as if reiterated herein.

56. The foregoing acts and omissions of Defendants constitutes numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

57. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

58. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT III
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(c)(5)
## AS TO THE NATIONAL DO-NOT-CALL CLASS

59. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 50 above as if reiterated herein.

60. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*, and the implementing regulations of 47 C.F.R. 64.1200(c).

61. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

62. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

**COUNT IV**
**KNOWING AND/OR WILLFUL VIOLATION OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(c)(5)**
**AS TO THE NATIONAL DO-NOT-CALL CLASS**

63. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 50 above as if reiterated herein.

64. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, and the implementing regulations of 47 C.F.R. 64.1200(c).

65. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

66. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

**COUNT V**
**NEGLIGENT VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(c)(5)**
**AS TO THE INTERNAL DO-NOT-CALL CLASS**

67. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 50 above as if reiterated herein.

68. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*, and the implementing regulations of 47 C.F.R. 64.1200(d).

69. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

70. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

**COUNT VI**
**KNOWING AND/OR WILLFUL VIOLATION OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(c)(5)**
**AS TO THE INTERNAL DO-NOT-CALL CLASS**

71. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 50 above as if reiterated herein.

72. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, and the implementing regulations of 47 C.F.R. 64.1200(d).

73. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

74. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

a. An order certifying the ATDS Class, the National Do-Not-Call Class, and the Internal Do-Not-Call Class, and appointing Plaintiff as Representative

        of the ATDS Class, the National Do-Not-Call Class, and the Internal Do-Not-Call Class;

b.    An order certifying the undersigned counsel as the ATDS Class Counsel, the National Do-Not-Call Class Counsel, and the Internal Do-Not-Call Class Counsel;

c.    An order requiring Defendants, at their own cost, to notify all members of the ATDS Class, the National Do-Not-Call Class, and the Internal Do-Not-Call Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

d.    Judgment against Defendants in the amount of $500.00 in statutory damages for each and every negligent violation of the TCPA by Defendants;

e.    Judgment against Defendants in the amount of $1,500.00 in statutory damages for each and every knowing and/or willful violation of the TCPA by Defendants;

f.    An order for injunctive relief prohibiting such conduct by Defendants in the future;

g.    Judgment against Defendants for Plaintiff's court costs and other litigation costs; and

h.    Any other relief deemed just and proper by this Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECFULLY SUBMITTED,

RENEE ESTESE

By: /s/ David B. Levin
Attorney for Plaintiff
Illinois Attorney No. 6212141
Law Offices of Todd M. Friedman, P.C.
333 Skokie Blvd., Suite 103
Northbrook, Illinois 60062
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com